[Civ. No. 4028.    Fourth Dist.    May 1, 1950.]

RALPH GIORDANO et al., Respondents, v. AMERICAN FIDELITY AND CASUALTY COMPANY, INC. (a Corporation), Appellant.

Reginald I. Bauder, W. I. Gilbert, Jr., Everett W. Thompson and Henry F. Walker for Appellant.

John D. Chinello for Respondents.

BARNARD, P. J.—This is an action on an automobile insurance policy covering a motor carrier, as required by the Railroad Commission pursuant to the provisions of the Highway Carriers Act. (Stats. 1935, ch. 223, as amended.)

On October 2, 1945, the plaintiffs were injured in an accident involving a truck then being used in a trucking business operated by A. M. Hendrix, under a permit from the Railroad Commission. This truck was owned by one Atwood, was used by A. M. Hendrix under some lease arrangement, and was being driven by one Ruiz. These plaintiffs brought an action for damages against A. M. Hendrix, her husband Harry W. Hendrix, Atwood and Ruiz. Judgment was entered in that action in favor of Mr. Giordano for $50,000 and in favor of Mrs. Giordano for $10,000 as against all four defendants.

The defendant in the present action had issued a policy to A. M. Hendrix and her husband, doing business as the Hendrix Truck Company, covering three described vehicles with respect to bodily injury to third persons. This policy bore an endorsement commonly known as "Form T & S 391," as required by the Railroad Commission and pursuant to sections 5 and 6 of the Highway Carriers Act. Section 5 required the commission, in granting permits, to procure from the carrier adequate protection against liability for bodily injuries in the amount of not less than $5,000 for one person, and $10,000 for more than one. Section 6 provided that this protection might be in the form of an insurance policy covering each vehicle used under the permit applied for. "Form T & S 391" thus attached to this policy provided, so far as material here, that the insurer agreed to pay any final judgment against the insured for bodily injury to third persons arising out of the use of any vehicle operated under authority of the Highway Carriers Act, as amended, even though such vehicle was not described in the policy; that the judgment creditor may maintain an action in any court to compel such payment; that the right of any third person to recover under the policy shall not be affected by any act or violation of any condition on the part of the insured or his employees; and that the policy and this endorsement shall not be canceled and shall not become void for any reason whatsoever, except at the expiration of the

term, until 10 days after written notice to the Railroad Commission. It then provided that this endorsement shall prevail over any conflicting provision in the policy, and that ''this endorsement shall be of no effect with respect to any liability in excess of'' $5,000 for bodily injuries to one person and $10,000 for bodily injuries to two or more persons in any one accident.

This insurer refused to defend A. M. Hendrix in the other action, denying liability on the ground that the truck involved in the accident was not covered by its policy, and she employed other counsel to defend that action. She was insolvent and paid nothing on the judgment there entered, but $10,000 was paid in behalf of the other three defendants. The record does not disclose who made that partial payment. A partial satisfaction of judgment was filed showing a payment of $5,000 on the judgment in favor of Mr. Giordano; that it remained unsatisfied to the extent of $45,000; that a like payment had been made on the judgment in favor of Mrs. Giordano; and that it remained unsatisfied to the extent of $5,000.

Thereafter, the present action was brought to recover from the insurer $10,000, being $5,000 for each of the injured persons. The court found in favor of the plaintiffs finding, among other things, that the policy thus issued to A. M. Hendrix was in force at the time and that the endorsement ''Form T & S 391'' formed a part of that policy; that the truck causing plaintiffs' injuries was being operated by A. M. Hendrix through her agents and employees under authority of a permit granted by the Railroad Commission; that the plaintiffs had recovered a judgment, as above described, which has become final; and that this judgment remains wholly unsatisfied except that $5,000, with some interest and costs, has been paid upon the judgment in favor of Mr. Giordano and a like amount upon the judgment in favor of Mrs. Giordano. Judgment was entered against this defendant awarding Mr. Giordano $5,000 and Mrs. Giordano $5,000. From this judgment the defendant has appealed.

The appellant first contends that it has no liability here since the purpose of ''Form T & S 391'' was otherwise fully accomplished when $5,000 was paid to each of the respondents. It is argued that the purpose of this endorsement was merely to meet the requirements of sections 5 and 6 of the Highway Carriers Act; that these sections only required protection for third persons up to $5,000 for one and $10,000 for two per-

sons; that the owner of the truck involved in the accident had insured it with another company and thus fully met the requirement of the act and the endorsement; that the endorsement itself provides that it shall have no effect with respect to any liability in excess of the $5,000 and $10,000 limits; that this refers to the assured's liability, which has already been met to that extent; and that the appellant has thus been relieved from any further liability.

While there is evidence that another company had issued to its owner a different policy covering this truck, we are pointed to no evidence in the record, and we can find none, that such policy was filed with the Railroad Commission, that "Form T & S 391" was attached thereto, or that anything was paid by that insurer. The truck in question was being operated by A. M. Hendrix under her permit as a carrier; the appellant issued this policy to her for the direct purpose of furnishing the protection to third persons which was required by the statute; and the appellant agreed to be bound to that extent, as required by the commission and as set forth in the endorsement. It would be unreasonable to hold that this agreement was intended, either by the law or by the endorsement, to be a conditional obligation of the insurer to pay only so much of $5,000 or of $10,000 as a judgment creditor or creditors were unable to collect elsewhere. The insurer's contractual liability, while limited to the amounts named, was not limited by whether or not the insured had other assets which could be reached or whether or not someone else might or should pay something upon the judgment, so long as an amount equal to that owed by the insurer was still unpaid on the judgment. The clause of the endorsement providing that it shall have no effect "with respect to any liability" in excess of $5,000 and $10,000 clearly relates to the liability thereby imposed upon the insurer, and not to the assured's liability which may be entirely different. The contention here made is without merit and, insofar as the endorsement itself is concerned, the appellant is liable to the extent of the amounts therein named.

It is next contended that the partial satisfaction of the prior judgment relieved the appellant of any further liability on its policy. It is argued that the four judgment debtors were joint tort feasors; that the partial payment made in behalf of some of them must be considered as having been made for the benefit of all; that this extinguished the liability of each to the extent of the amount paid; that since the full sum of $10,000 has thus been received by the respondents, the purpose

of the act and of "Form T & S 391" has been accomplished and fully complied with; and that appellant's policy guaranteeing such compliance became no longer effective.

It is true, as provided in section 1474 of the Civil Code, that performance of an obligation by one of several persons jointly liable extinguishes the liability of all, but the judgment debtors' obligation here has not been fully performed and the appellant's obligation has not been performed at all. ■ While, as pointed out in 15 California Jurisprudence 269, a payment made by one of several judgment debtors usually entitles the others to a credit to that extent on their obligation, this is not an invariable rule and is not applicable under all circumstances. A different situation appears where a bond or policy is furnished in compliance with a statute requiring such security for a definite purpose and as a protection to the public. As pointed out in 60 Corpus Juris Secundum 419-421, section 116, a policy so issued not only indemnifies the assured motor carrier but imposes on the insurer "an original and direct liability to members of the public for injuries sustained by them because of the negligence of the insured motor carrier. After such a judgment, the right of the judgment creditor to recover thereon against insurer becomes fixed as of the time of the accident, and nothing which occurs afterward affects such right. . . . and where a partial payment made on a judgment, for which the surety is liable only in part, is not specifically designated as a payment on the part of the judgment for which the principal or surety is liable, it may be regarded as payment on the part of the judgment for which the surety is not liable, since the surety has no right to designate how the payment shall be applied."

The obligation of the appellant is both contractual and statutory, and that obligation has not been performed. While different principles might be applied under other circumstances, any rule that might sometimes apply as between two joint tort feasors, in the absence of any other relationship, should not be so extended as to relieve a surety from such a distinct statutory liability as that which here appears, because of some act of another after that liability has been fixed and determined by a judgment. The statute here in question was intended to furnish a definite and certain protection, in the amounts named, to third persons who might be injured through the operations for which a permit was being issued, and it was not intended that this protection should be diminished or destroyed by a

technical rule established and intended to apply under entirely different sets of circumstances. The appellant issued its policy with this statutory requirement in mind. Where a judgment creditor is suing on a policy issued to meet the requirements of such a statute, the rights of the parties must be determined by viewing the obligations of the contract in the light of the statutory requirement and purpose. We conclude that the appellant's liability was not terminated or rendered ineffective by the partial payments made upon the other judgment.

The appellant further contends that this action was prematurely brought since the judgment against its assured was not then final. That judgment was entered on November 15, 1946. No appeal therefrom was taken by A. M. Hendrix or her husband. A notice of appeal was filed by Atwood and Ruiz on January 16, 1947. This action was filed on August 14, 1947, and was tried on March 31, 1949. It is argued that Ruiz, the driver of the truck, was an employee of Mr. and Mrs. Hendrix; that their liability was based solely on the doctrine of *respondeat superior*; and that if the appeal by Ruiz should result in a reversal of the judgment this would necessarily set it aside as to Mr. and Mrs. Hendrix.

While a notice of appeal was filed by Atwood and Ruiz on January 16, 1947, nothing further was done and at the time of the trial of this action, more than two years later, no further steps had been taken on that appeal. The court found that such judgment was final and the evidence, though meager, is sufficient to support that finding. The only reasonable inference from the record is that Atwood and Ruiz had abandoned their appeal. No possible prejudice appears, and it would be an idle thing to reverse this judgment for the sole purpose of retrying the action after a formal dismissal of that appeal was entered.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied May 26, 1950, and appellant's petition for a hearing by the Supreme Court was denied June 29, 1950. Edmonds, J., and Spence, J., voted for a hearing.