■   HAROLD SIMON, Appellant, v. ROYAL BUSINESS FUNDS CORPORATION et al., Respondents.— Order entered September 10, 1969, dismissing complaint herein affirmed, without costs and without disbursements. The order appealed from found that the amended complaint suffered from the same malady affecting the original complaint: " that it failed to set forth the material allegations of the complaint, using conclusory allegations without any facts to support them." We affirm on somewhat different grounds. The fact that plaintiff has a cause of action against the Electrospace Corporation for breach of contract does not foreclose an action against the defendants for the damage he suffered by reason of their inducing Electrospace to breach that contract. But the fact that the plaintiff may have a cause of action in contract and in tort does not mean that he may recover more than the amount of damage he suffered. The plaintiff does not plead any additional damage sustained by him flowing from the wrongful acts of the defendants. His bill of particulars (which was not before this court on the prior appeal which affirmed plaintiff's right to replead) discloses that he seeks from the defendants the same items of damage recoverable against his principal Electrospace: the fee and commission he would have been entitled to receive if the agreement with Electrospace had not been violated. But, he has already recovered a judgment against Electrospace. In the face of this judgment and in the absence of pleading and proof of additional damages resulting from the defendants' tort, the order dismissing the amended complaint for legal insufficiency and granting defendants summary judgment must be affirmed. (*Simon* v. *Noma Elec. Corp.*, 293 N. Y. 171, 177; *Hornstein* v. *Podwitz*, 254 N. Y. 443, 447; *Shapiro* v. *Greenwich Sav. Bank*, 266 App. Div. 359, affd. 293 N. Y. 724; *Barnet* v. *Cannizzaro*, 3 A D 2d 745;

*Kalmanson* v. *Callahan,* 276 App. Div. 983.) Concur — Stevens, P. J., Eager, Steuer and Tilzer, JJ.; Nunez, J., dissents in the following memorandum: I would reverse and deny defendants' motion for summary judgment dismissing plaintiff's amended complaint. The initial complaint was dismissed for failure to set forth the material elements of a cause of action since it pleaded only conclusory allegations without supportive facts. Plaintiff was given leave to replead. We affirmed (32 A D 2d 894). Plaintiff seeks recovery on his claim that defendants induced Electrospace Corporation to breach its agreement hiring plaintiff as a finder. The elements necessary to plead a cause of action for inducing the breach of a contract include setting forth the contract, plaintiff's performance, his entitlement to the agreed commissions, defendants' knowledge of the contract, and their entering into an agreement to deprive the plaintiff of the commissions that he would have earned and to distribute among themselves the commissions or a sum of money in lieu thereof, all to plaintiff's damage. (See *Hornstein* v. *Podwitz,* 254 N. Y. 443 [1930].) Precisely those elements are pleaded in the amended complaint at bar. In marked contrast to his previous pleading, the amended complaint outlines the steps plaintiff took to perform the Electrospace agreement. He pleads the facts concerning his role in the introduction of the defendants to Electrospace in May, 1965 and alleges the defendants' knowledge of plaintiff's agreement with Electrospace. He alleges that after arranging the initial meeting which led to further meetings among the principals, the defendants, without advising the plaintiff, negotiated an agreement naming them as the finders whereby they demanded and received a finder's fee in place and stead of plaintiff. Finally, damages are alleged in the sum of $1,114,000 as the commission plaintiff would have earned if Electrospace had not repudiated the agreement at defendant's instigation. Special Term in granting defendants' motion to dismiss the complaint stated that plaintiff again failed to set forth material factual allegations as to malice and "the means used to effect the test [sic] and damages." The amended complaint abundantly cured the deficiencies of the initial complaint and Special Term erred in dismissing. Malice consists not of spite or ill will but of a violation of a legal right committed knowingly and without sufficient justification. (*Hornstein* v. *Podwitz, supra.*) The malice in the case at bar is not only conclusorily pleaded, but also appears by necessary and reasonable implication from the pleaded facts. That plaintiff has a cause of action against Electrospace for breach of contract did not, *ipso facto,* prevent him from suing the defendants herein provided he can prove that he sustained damages as a result of defendants' tort. In *Hornstein* v. *Podwitz* (*supra,* p. 449) the Court of Appeals said: "The appellants have misconceived the basis of the cause of action against them. If they had not induced the principal to breach its contract with the plaintiff, he would have received the commissions which he had earned or had a cause of action on contract therefor against his principal. They committed a legal wrong which gave rise to a cause of action in favor of the plaintiff. The fact that the plaintiff also has a cause of action against his principal for breach of contract does not prevent his having a cause of action in tort against them. They cannot be heard to say that they are not liable for their wrongful act because the owner of the premises is also liable to the plaintiff for his commissions. All of the parties who induced the breach of the contract are jointly and severally liable for the commissions due the plaintiff." While it is true that plaintiff has obtained a judgment against Electrospace, the amount of his recovery has not been fixed, the judgment is not final and, of course, he has not collected one cent from Electrospace or anyone else. I agree that plaintiff must prove damages and that no such damages are proven if he collects from Electrospace

(see *Simon* v. *Noma Elec. Corp.*, 293 N. Y. 171, 177 [1944] and cases cited therein). However, plaintiff has not recovered from Electrospace and is, therefore, entitled to maintain this action against the defendants who are alleged to have successfully conspired to induce Electrospace to breach its contract with plaintiff and thus deprive him of his just compensation. Furthermore, when we affirmed Special Term on the prior appeal, and permitted the plaintiff to serve an amended complaint, we in effect held that plaintiff had a good cause of action. For all of the foregoing reasons the order appealed from should be reversed and defendants' motion to dismiss the complaint and for summary judgment denied.