517 P.2d 1083

**AMERICAN HOME ASSURANCE COM-
PANY, a corporation, Appellant,**

v.

**William VAUGHN, Appellee.**

**No. 2 CA–CIV 1503.**

Court of Appeals of Arizona,
Division 2.

Jan. 14, 1974.

Rehearing Denied Feb. 5, 1974.

Review Denied Feb. 26, 1974.

Black, Robertshaw & Frederick, P. C. by
Harold A. Frederick, Phoenix, for appel-
lant.

Russo, Cox, Dickerson & Cartin, P. C.
by Jerold A. Cartin, Tucson, for appellee.

## OPINION

HATHAWAY, Chief Judge.

Defendant American Home Assurance
Company (American) appeals from a deni-
al of its motion for a reduction of dam-
ages.

Prior to this action, plaintiff William
Vaughn executed a mortgage agreement in
favor of Associated Mortgage and Invest-

ment Company (the mortgage company). He signed a note secured by the mortgage which was to be paid in monthly installments over a period of years. Pursuant to a contract between the mortgage company and American, American agreed to insure any mortgagor of the mortgage company under an optional group plan. In consideration of a monthly premium paid by the mortgagor, American would pay the mortgagor's monthly payments to the mortgage company in the event that the mortgagor became disabled and unable to continue in his employment. In 1968 plaintiff applied for and obtained insurance pursuant to this arrangement.

During 1971, plaintiff became disabled and his monthly payments were paid by American directly to the mortgage company under the terms of the policy. He began working again in September, 1971.

On or about March 1, 1972, plaintiff received a letter from the mortgage company informing him that it was terminating its disability insurance contract with American as of April 1, 1972 and replacing it with a group plan offered by Standard Life and Accident Insurance Company (Standard). The letter stated that all mortgagors then insured for disability would be covered by insurance issued by Standard upon receipt of a completed application which was enclosed. Plaintiff completed the application and sent it in. In April, Standard informed plaintiff that it would not insure him because of his past medical history.

On or about April 1, the date the American policy was cancelled, plaintiff again became disabled due to a heart problem. Both Standard and American refused to meet plaintiff's monthly mortgage payments since they were uncertain as to the exact date upon which plaintiff became disabled.

On July 5, 1972, plaintiff filed an action against the mortgage company, Standard and American. An alternate theory of liability was alleged as to each defendant. First, plaintiff asserted that American was liable for his payments since he became disabled while the American policy was still in effect. It was next alleged that Standard was liable if the disability arose after the American policy was cancelled on the theory that plaintiff was a third party beneficiary of Standard's agreement to insure the mortgage company's debtors. Finally plaintiff sought to hold the mortgage company liable for negligently and wrongfully cancelling his American policy.

Just before trial, plaintiff settled with the mortgage company and Standard for $6,000. American consented to their dismissal from the case. Plaintiff then proceeded to trial against American. The case was submitted to a jury based upon special interrogatories. The jury specifically found that plaintiff became disabled on or before March 31, 1972, the last effective date of the American coverage. Pursuant to a prior stipulation of the parties, the court entered judgment against American "for an undetermined amount as specified in the monthly benefit provisions of the insurance policy [between the mortgage company and American] . . . ." Therefore, American was obligated by the judgment to pay all monthly payments which had become due since plaintiff became disabled and to continue making the payments pursuant to the terms of the policy.

American then moved to reduce the damage award by the $6,000 plaintiff had already received from the mortgage company and Standard in settlement of his claims against them. American seeks review of the trial court's denial of that motion.

American asserts that to deny a reduction in the judgment would allow plaintiff to profit from his misfortune. Plaintiff argues that a reduction in the judgment would allow American to escape what the jury found its obligation to be under its insurance policy. We have neither been cited to nor have we found any case directly on point.

Plaintiff would have us hold that the money paid by the mortgage company and Standard came from a collateral source and may not be used to reduce the defendant's liability for damages. In Riexinger v. Ashton Company, 9 Ariz.App. 406, 408, 453 P.2d 235 (1969), we rejected a similar claim noting that the Collateral Source Rule applies only where some gratuitous or preplanned benefit comes to plaintiff. Money in exchange for a covenant not to sue does not fall within this definition.

It is a well-established rule that when judgment is rendered against a joint tort-feasor, he is entitled to have the amount of a prior settlement between plaintiff and another joint tort-feasor applied in reduction of the judgment. Adams v. Dion, 109 Ariz. 308, 509 P.2d 201 (1973); Egurrola v. Szychowski, 95 Ariz. 194, 388 P.2d 242 (1964); Riexinger v. Ashton Company, supra. Plaintiff argues that this rule should apply only in cases involving joint tort-feasors, and that since American's obligation is contractual, there should be no credit.

We have found two cases in which credits were allowed in the absence of a joint tort-feasor relationship between the defendants. Hildreth v. Bergeron, 110 N.H. 197, 263 A.2d 664 (1970), involved the owner of a grocery store who had been sued by a customer injured by a product. His insurer denied coverage and refused to defend him. In the suit brought by the customer, the store owner was found liable but was found entitled to indemnity from his suppliers. In the action brought by the store owner against his insurer, the Supreme Court of New Hampshire held that the insurer was entitled to a credit in the amount of the indemnification the store owner received from his suppliers. In Simon v. Royal Business Funds Corporation, 34 A.D.2d 758, 310 N.Y.S.2d 409 (1970), a broker sued defendant for inducing breach of contract. The court affirmed a dismissal of the complaint since the broker had already recovered in an earlier action for breach of the same contract. The court

noted that ". . . the fact that the plaintiff may have a cause of action in contract and in tort does not mean that he may recover more than the amount of damage he suffered." (310 N.Y.S.2d at 410–411).

The effect of a settlement by one defendant when multiple defendants are involved should not turn upon whether the defendants are sued in contract or in tort. In either case, the defendant is alleged to have committed an actionable wrong which, if proven, can lead to the recovery of damages. In our opinion, the crucial question to be asked in resolving the issue before us is whether the damages stem from the same incident or transaction. In other words, is plaintiff suing several defendants to redress one wrong which he has suffered, or is he suing to redress a series of wrongs with different defendants responsible for different wrongs?

When several defendants are sued as joint tort-feasors, plaintiff is clearly seeking only one recovery arising from one incident or transaction. So also, when as here, plaintiff joins multiple defendants seeking to hold only one liable upon alternate theories of liability, he is seeking one recovery arising from one transaction. If one is found liable, the others are automatically excluded from liability.

In Riexinger v. Ashton, supra, two defendants were sued as joint tort-feasors. We held that the defendant against whom the judgment was rendered could credit the amount of a prior settlement against the judgment despite the fact that the jury later exonerated the settling defendant by finding that the remaining defendant was the "sole tort-feasor" (9 Ariz.App. at 407, 453 P.2d at 236). In effect, we held that it is not necessary that defendants be jointly liable before one can receive credit for the settlement of the other. We concluded as follows:

"The law strives to make the injured party whole insofar as possible. Once that has been achieved, the law has

served its purpose." (9 Ariz.App. at 409, 453 P.2d at 238).

We therefore hold that when a plaintiff, seeking to recover damages arising out of one incident or transaction, alleges an alternate theory of recovery as to each of several defendants, a settlement by one or more of the defendants is to be credited against any judgment rendered against the defendant who is held liable. Since plaintiff's complaint asks that no more than one of the defendants be held liable for his mortgage payments while he is disabled, he is not entitled to any additional sum. Accordingly, we hold that American is not liable for any payments until the amount of the settlement is exhausted.

Reversed.

KRUCKER and HOWARD, JJ., concur.