549 P.2d 1056

Edward BROWN and Lillian R. Brown, husband and wife, Appellants,

v.

The VALLEY NATIONAL BANK OF ARIZONA, a National Banking Association, Appellee.

No. I CA–CIV 2947.

Court of Appeals of Arizona, Division 1.

May 25, 1976.

Rehearing Denied June 23, 1976.
Review Denied July 20, 1976.

Pain & Julian by Peter A. Guerrero, Phoenix, for appellants.

Rawlins, Ellis, Burrus & Kiewit by Robert L. Gottsfield and Norman D. Hall, Jr., Phoenix, for appellee.

## OPINION

HATHAWAY, Judge.

Did the lower court err in entering an order satisfying judgment: That is the question to be answered on this appeal.

In a tort action against appellees and others, the jury returned a verdict in favor of appellants against the bank and an attorney in the amount of $5,000 as compensatory damages. (The jury also awarded $2,000 punitive damages against the attorney). Judgment was entered on March 26, 1971, and the bank appealed. Division One of this court reversed and on petition for review, the Arizona Supreme Court vacated the Court of Appeals' decision and modified the judgment by reducing the amount of damages assessed against the bank to $1,010 plus trial court costs and interest from date of judgment. *Valley National Bank v. Brown,* 110 Ariz. 260, 517 P.2d 1256 (1974).

Thereafter on March 26, 1974, the bank filed a motion requesting the lower court to enter an order satisfying the judgment entered against it. The grounds stated for the motion were that on August 19, 1971, appellants had received $1,500 from the insurance carrier for the attorney, a joint tortfeasor, in consideration for which appellants' attorney executed and filed a Partial Satisfaction of Judgment. Copies of the documents referred[1] to were appended to the motion. It also recited that the bank's appeal had resulted in modification of the judgment and that the total amount of the judgment, as modified by the Supreme Court, would amount to $1,468.60. According to the bank, it was entitled to have the $1,500 settlement applied to reduce the amount of damages assessed against it.

In support of its position, the bank relied on our decision in *Riexinger v. Ashton Company,* 9 Ariz.App. 406, 453 P.2d 235 (1969), wherein we held that a joint tortfeasor is entitled to have the amount of settlement with another joint tortfeasor applied in reduction of the plaintiff's damages. The factual posture of the *Riexinger* case is different from the one at bench. In *Riexinger,* supra, one defendant paid $5,000 before trial in consideration of a covenant not to execute. The case proceeded to trial against both defendants and the jury returned a verdict against the non-settling defendant in the sum of $20,000, finding it to be the sole tortfeasor. On motion of the judgment debtor, the court credited it with the $5,000 paid by the settling defendant. Thus we see that the jury assessed damages in the amount of $20,000 and the injured plaintiffs in fact received $20,000. We pointed out that "The law strives to make the injured party whole insofar as possible." 9 Ariz.App. at 409, 453 P.2d at 238.

In its motion for satisfaction of judgment, the bank stated:

"Thus, having been paid the full amount of the damages found to have been

1. The documents were the Partial Satisfaction of Judgment and a Covenant Not to Execute signed by applicants.

compensable by the decision of the Supreme Court, the plaintiffs are not entitled to recovery from THE VALLEY NATIONAL BANK of any additional sums whatsoever, and the judgment should be satisfied."

The Covenant Not to Execute signed by appellants recited that they had recovered a judgment against the attorney in the amount of $5,000 compensatory damages and that in consideration of the sum of $1,500 they would not execute; that the covenant was not intended as a satisfaction and accord nor as a release and that the $1,500 would serve as a pro tanto satisfaction of the judgment in their favor against the attorney. This covenant was executed by appellants on August 17, 1971, and on August 19, 1971, their attorney filed in superior court a "PARTIAL SATISFACTION OF JUDGMENT" which recited:

"For good and valuable consideration, receipt of which is hereby acknowledged, plaintiffs and judgment creditors, by their attorney of record undersigned, do hereby acknowledge and satisfy in full as against defendants Michael L. Murphy and Jo Ann Murphy, husband and wife, some of the defendants above named, all of that certain judgment entered against the said defendants in the above captioned cause for compensatory damages on March 26, 1971. This satisfaction in no wise relates to the judgment entered against any other defendants."

■ We agree with appellants that the principle enunciated in *Riexinger v. Ashton*, supra, and our subsequent decision in *American Home Assurance Company v. Vaughn*, 21 Ariz.App. 190, 517 P.2d 1083 (1974), that when a judgment is rendered against a joint tortfeasor, he is entitled to have the amount of a prior settlement between the plaintiffs and another joint tortfeasor applied in reduction of the judgment, does not control here. The reason for the rule, of course, is that a plaintiff is entitled to be made whole and nothing

more, and cannot be allowed to be compensated in excess of the damages he has suffered. This principle, however, was applied here to make appellants less than whole.

Our Supreme Court in *Adams v. Dion*, 109 Ariz. 308, 509 P.2d 201 (1973), repudiated the rule that release of one joint tortfeasor releases all. The court approved the rule set forth in Restatement (Second) of Torts (Tent. Draft No. 16, 1970):

" 'A valid release of one tortfeasor . . . does not discharge others liable for the same harm, unless it is agreed that it shall do so.' § 885." 109 Ariz. at 309, 509 P.2d at 202.

■ One seeking the benefit of a release must show that it was intended to discharge him or that the injured party has received full compensation. 66 Am.Jur.2d Release § 51 (1973). Here, the documents relied on in support of the bank's motion for satisfaction of the judgment do not establish that it was appellants' intention to settle the entire judgment. In fact, they reflect the contrary. At the time appellants settled with the attorney's insurer, they had a valid judgment against the attorney for $5,000. Appellants agreed to accept $1,500, thereby obviating the necessity of undergoing the expense of an appeal as between them or the attorney. As stated in *Broadway Plan v. Ravenstein*, 364 S.W. 2d 741 (Tex.Civ.App.1963):

"Neither should be penalized for this action nor lose valuable rights because of a willingness to concede that a judgment is correct and to abide by it. Certainly it would be against public policy to condemn such action on the part of litigants. It would tend to encourage appeals on every occasion where it appeared that one of the solvent parties against whom judgment was rendered either had or very likely would pay a portion of the judgment rather than appeal. Public policy is better served

by encouraging settlements in proper cases rather than to encourage continuing litigation in the courts." 364 S.W.2d at 744.

■ The Texas court held that a judgment becomes extinguished where one of two or more defendants against whom there is a joint judgment pays the *entire* amount due thereon, but the payment of a sum less than the amount due on the judgment does not release other judgment debtors or extinguish the judgment. Similarly, in the case of *Talcott v. Central Bank and Trust Company*, 247 So.2d 727 (Fla.App.1971), it was held that where satisfaction of judgment was clearly intended to be only partial satisfaction of a judgment against more than one tortfeasor and a partial satisfaction or release as to one judgment was effected during the progress of an appeal from the judgment by another tortfeasor, the partial satisfaction was effective only as a pro tanto release. We agree with the rationale of these cases and in view of *Adams v. Dion,* supra, would conclude that appellants' settlement with one joint judgment debtor for less than the full amount of the judgment would not discharge the judgment as to the other unless it was so intended.

The situation here is complicated by the fact that the bank was successful on appeal and as to it, the judgment was reduced to $1,010 (the amount of monetary damages sustained by appellants). The Supreme Court held that there could be no compensation to appellants from the bank for mental suffering or aggravation of an existing emotional disturbance. The jury had been instructed, however, that it could consider such elements of damages against the attorney if the jury found his conduct malicious. The jury apparently did find such malice since in addition to the $5,000 compensatory damages, it awarded punitive damages against the attorney in the sum of $2,000. No appeal having been taken by the attorney, the judgment against him became final. Consequently a portion of the $5,000 must necessarily have included damages for mental suffering and aggravation of an existing emotional disturbance.

■ A payment by one of several judgment debtors usually entitles the other to a credit to that extent but this is not an invariable rule and is not applicable under all circumstances. *Giordano v. American Fidelity & Casualty Co.,* 97 Cal.App.2d 309, 217 P.2d 444 (1950). In *Giordano,* it was held that where a partial payment is made on a judgment for which the surety is liable only in part and it is not specifically designated as payment on the part of the judgment for which both principal and surety are liable, it may be regarded as payment on the part of the judgment for which the surety is not liable since the surety has no right to designate how payment shall be applied. We are of the opinion that appellee, in order to have prevailed on its motion for satisfaction of judgment, had the burden of showing that the amount paid on the judgment to appellants was full satisfaction in fact of the damages it owed. Cf. *Cimino v. Alway,* 18 Ariz.App. 271, 501 P.2d 447 (1972). This it failed to do and therefore the court erred in granting its motion.

Reversed.

HOWARD, C. J., and KRUCKER, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).