■ HOTEL UTICA, INC., Appellant, v RONALD G. ARMSTRONG ENGINEERING CO., Doing business as THE DALE PARTNERSHIP OF WESTERN NEW YORK, et al., Respondents.—Judgment unanimously reversed and a new trial granted, with costs, to abide the event. Memorandum: This is an appeal from a judgment of trial term dismissing the complaint of Hotel Utica, Inc., which contains two causes of action against defendants, architects, the first cause of action being for breach of contract and the second for negligent performance of the contract. In reliance on *Carr v Lipshie* (8 AD2d 330, affd 9 NY2d 983) and *530 East 89 Corp. v Unger* (54 AD2d 848) Trial Term quite understandably dismissed the contract action as a matter of law as not maintainable in a case such as this, involving professional malpractice against architects. The court also ruled that plaintiff failed to prove a prima facie case in contract. The jury rendered a no cause of action verdict on the second cause of action, and hence the court dismissed the complaint in its entirety. Plaintiff contends that the court erred in dismissing the cause of action in contract and that because of trial errors with respect to the negligence action, the judgment dismissing the complaint should be reversed and a new trial granted with respect to both causes of action. The later cases, although most arise on the issue of the Statute of Limitations, establish that an owner who alleges that an architect has breached his contract to design and supervise construction work may sue both in contract and in negligence, the latter often referred to as "malpractice" *(Sears Roebuck & Co. v Enco Assoc.,* 43 NY2d 389; *Steiner v Wenning,* 43 NY2d 831; *Naetzker v Brockton Cent. School Dist.,* 41 NY2d 929; *Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669). In the action in contract in this case the plaintiff can only recover from the architects if it establishes that the architects failed to perform in accordance with the standard of professional care usually exercised by such professionals in the community *(Sears Roebuck & Co. v Enco Assoc., supra,* p 396). We observe that, since no Statute of Limitations question is involved in this case, the different rules stated in *Sears Roebuck & Co. v Enco Assoc. (supra,* pp 396-397) with respect to the receipt of evidence of damages in tort and in contract will not be applicable. Of course, plaintiff can only have one recovery with respect to an identical damage claim *(Simon v Royal Business Funds Corp.,* 34 AD2d 758, affd 29 NY2d 692). Defendant's argument that the two causes of action are virtually identical and that since plaintiff had its day in court on the negligence cause of action it should be barred by

estoppel from reinstatement and trial of the contract action, is without merit, for the judgment of dismissal has not yet become final (see 5 Weinstein-Korn-Miller, NY Civ Prac, par 5011.10). With respect to plaintiff's claim of trial errors, we agree that the court erred in excluding Exhibit No. 28 during much of the trial and, after eventually receiving this exhibit, in restricting plaintiff's use and reference to it. It was a document prepared by defendant and went to the correctness of prior documents submitted by defendants. The court also erred in excluding from evidence certain pages of testimony given by Mr. Rohadfox on an examination before trial. Since the witness was not at the trial, the court permitted defendants to read portions of his testimony on an examination before trial, which was damaging to plaintiff; but the court refused to allow plaintiff to read other pages of the examination containing the witness' acknowledgment that an action which defendants had commenced against him was later withdrawn. The testimony went to the credibility of this important witness, and plaintiff was entitled to have the jury hear it (*Ryan v Dwyer,* 33 AD2d 878; 65 NY Jur, Witnesses, § 71). Plaintiff also points to comments of the court tending to protect one of defendants' witnesses, the court stating that the witness was "cooperative" and "Perhaps I'd go further and say he's a graduate of the U.S. Naval Academy, which endears him to my heart a little bit". The court should not lend its position to support a witness, and the remark was prejudicial to plaintiff's case. The judgment is reversed in all respects and a new trial granted. (Appeal from judgment of Oneida Supreme Court—architectural malpractice.) Present—Marsh, P. J., Moule, Simons, Denman and Witmer, JJ.