595 P.2d 995

**Leo Anthony MICHAEL and Jane Doe Michael, his wife, Appellants,**

v.

**Nikki Rae COLE, a single woman, Appellee.**

**No. 14012–PR.**

Supreme Court of Arizona,
In Banc.

May 2, 1979.

Rehearing Denied June 5, 1979.

---

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by Ralph Hunsaker and P. Michael Whipple, Phoenix, for appellants.

Wolfe & Harris, P. A., by Sidney B. Wolfe, Phoenix, for appellee.

GORDON, Justice:

Leo Anthony Michael, hereinafter referred to as the defendant, petitions this Court to review the Court of Appeals' decision in *Michael v. Cole*, 122 Ariz. 461, 595 P.2d 1006 (1978). Taking jurisdiction pursuant to 17A A.R.S., Arizona Rules of Civil Appellate Procedure, rule 23, the opinion of the Court of Appeals is vacated in part and approved in part.

Nikki Rae Cole, hereinafter referred to as the plaintiff, obtained a jury verdict against the defendant awarding her $8,750 in compensatory damages and $5,000 in punitive damages. The recovery was based on a two car collision in which the defendant's vehicle crashed into the rear of the plaintiff's automobile. The trial court directed a verdict for the plaintiff on the issue of liability and submitted only the question of damages to the jury.

On appeal to the Court of Appeals, defendant asserted that (1) a mistrial should have been granted because of comment at trial on defendant's liability insurance; (2)

452

it was improper to allow the plaintiff to elicit from the defendant the fact that he had insurance to cover a claim for punitive damages; and (3) the jury was improperly instructed with respect to punitive damages.

The Court of Appeals found no error and affirmed. We approve the Court of Appeals treatment of issues (1) and (3) above. We conclude, however, that it was error to admit evidence of liability insurance with respect to the issue of punitive damages.

On direct examination, the defendant testified extensively concerning his financial difficulties, including his limited income, child support payments and recent marriage. The purpose of punitive damages is to punish. *Nielson v. Flashberg*, 101 Ariz. 335, 419 P.2d 514 (1966); *Braun v. Moreno*, 11 Ariz.App. 509, 466 P.2d 60 (1970). Evidence of the defendant's wealth or poverty is, therefore, admissible because of its relevance to the jury's determination of how large an award should be imposed in order to punish. *See, Nielson, supra.*

To refute the defendant's testimony, the trial court allowed the plaintiff to ask the defendant on cross-examination if he did not, in fact, have an insurance policy that covered punitive damages. We hold that this was error.

For many years, the rule in Arizona was that any implication or suggestion at trial that the defendant had liability insurance mandated either a mistrial or a new trial. *E. g., Blue Bar Taxicab & Transfer Co. v. Hudspeth*, 25 Ariz. 287, 216 P. 246 (1923). This general rule, however, has been narrowed by subsequent case law so that a mere mention of insurance before a jury does not require a mistrial unless prejudice is shown. *E. g., Muehlebach v. Mercer Mortuary & Chapel, Inc.*, 93 Ariz. 60, 378 P.2d 741 (1963).

It is unclear to this Court how a jury can be informed of the defendant's insurance for punitive damages without the jury realizing that the defendant must also have insurance for compensatory damages. Moreover, as can be seen from the instant case, it may be quite difficult to avoid an actual mentioning of the insurance policy in general. We conclude that it is unreasonable to assume that such inferences and comments will not be prejudicial.

The plaintiff urges that unless he is allowed to comment on the defendant's insurance coverage, the defendant will be able to mislead the jury with evidence of his impecuniosity when, in fact, he does have "assets" that will pay for punitive damages. We reject the plaintiff's assertion that the insurance policy is an asset of the defendant, which the plaintiff can introduce into evidence. The defendant does not have at his disposal the dollars that the policy represents. Instead, he merely owns a piece of paper that evidences an insurer's promise to pay any punitive damages that result from an assessment of *his own* financial position.

Moreover, it must be remembered that the plaintiff may also not be disclosing her true financial status to the jury. Under the collateral source rule, when an injured plaintiff has been compensated for his injuries from a source other than the defendant, the latter cannot benefit from the recovery. *Olivas v. United States*, 9th Cir., 506 F.2d 1158 (1974). The collateral source rule is well established in Arizona tort law. *Hall v. Olague*, 119 Ariz. 73, 579 P.2d 577 (1978). The rule is designed to avoid a windfall to the tortfeasor, if a choice must be made between him and the injured party. *Hall, supra.*

For example, even though a plaintiff claims large financial losses, a defendant is estopped from arguing that the plaintiff has already been made whole for these losses by his own insurance coverage. Similarly, we find that there is sound reasoning for not allowing a plaintiff to show that the defendant has insurance for punitive damages when a defendant asserts that he is poor.

Finally, to allow the plaintiff to refute defendant's testimony in this manner would be to place poor defendants at a disadvan-

tage. If a poor defendant were to introduce evidence of his limited financial status, it could be refuted by evidence of his insurance coverage for punitive damages. A wealthy defendant would, however, never assert his wealth, and would, therefore, never open the door to allow the introduction of his insurance policy into evidence.

We conclude that, in this instance, other public policies outweigh any advantage that would be achieved from allowing the plaintiff to introduce evidence of the defendant's insurance coverage for punitive damages. We, therefore, reverse and remand this case to the Superior Court for a new trial on the issue of damages. Those portions of the Court of Appeals' opinion that are inconsistent with this opinion are hereby vacated.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.