■ JILL LEIGHTY, Respondent, v STANLEY BRUNN et al., Doing Business as DOCTOR'S SUNNYSIDE HOSPITAL, Appellants. —In a medical malpractice action, the defendants separately appeal from a judgment of the Supreme Court, Orange County (Jiudice, J.), dated June 26, 1985, which is in favor of the plaintiff, and against them, upon a jury verdict, in the principal amount of $525,000.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is granted, with one bill of costs to the defendants, appearing separately and filing separate briefs, to abide the event.

The trial court erred in submitting to the jurors a verdict sheet which allowed them to compensate the plaintiff separately for injuries arising under each of her theories of liability, i.e., medical malpractice and lack of informed consent. It

is beyond cavil that a plaintiff is entitled to only one recovery with respect to an identical damage claim *(see, Simon v Royal Business Funds Corp.,* 34 AD2d 758, *affd* 29 NY2d 692; *Murray v Long Is. R. R. Co.,* 35 AD2d 579, *affd* 28 NY2d 849; *Hotel Utica v Armstrong,* 62 AD2d 1147). The jury's apportionment of fault on the theory of medical malpractice at 75% on the part of the defendant Stanley Brunn and 25% on the part of the defendant Daniel P. Schultz, was inconsistent with its apportionment of fault on the theory of lack of informed consent at 70% on the part of the defendant Brunn and 30% on the part of the defendant Schultz, since there was no evidence that the injuries sustained by the plaintiff by virtue of the respective breaches of duty were readily distinguishable.

Moreover, we view the award of $525,000 as excessive under the circumstances and consider the inflammatory nature of the plaintiff's counsel's summation to have been a contributory factor thereto *(see, Taormina v Goodman,* 63 AD2d 1018).

We have considered the defendants' remaining contentions and find them to be without merit. Thompson, J. P., Brown, Eiber and Kunzeman, JJ., concur.