378 P.2d 741

**Henry O. MUEHLEBACH, Appellant,**

**v.**

**MERCER MORTUARY AND CHAPEL, INC., a corporation, and Lewis R. Tresler, Appellees.**

No. 6863.

Supreme Court of Arizona,

En Banc.

Feb. 7, 1963.

Moore & Romley, Phoenix, for appellant.

Struckmeyer, Whitney & Perry, Phoenix, for appellees.

KENNETH C. CHATWIN, Superior Court Judge.

Appellant was plaintiff in a suit for injuries received in an automobile accident. The jury returned a verdict for plaintiff. The trial judge granted defendants' motion for a new trial and plaintiff appeals. The sole ground on which the trial judge granted the motion for a new trial was:

"It is ordered that the motion for new trial be, and the same is hereby granted on the grounds of irregularity in the proceedings for the reason that the question of liability insurance has been improperly injected in the case."

The reference to insurance was made by the individual defendant, an employee of the corporate defendant. The circumstances leading up to the reference were as follows: The individual defendant was an ambulance driver. While going through a stop light, he hit one car and caromed off into the car driven by the plaintiff. One of the issues at the trial was whether the plaintiff should have pulled over to the curb. Another issue was whether he had lost consciousness. Plaintiff claimed that he could not pull over to the curb because the lane next to the curb was occupied by other cars. The individual defendant testified on the stand that there were no cars in the lane next to the curb that would have prevented the plaintiff from pulling over. He also testified that he observed nothing that would have led him to believe that the plaintiff had been injured.

Counsel for plaintiff attempted to impeach the individual defendant by reference

to a deposition in which he had testified and had indicated on a diagram that there were cars so placed as to keep the plaintiff from pulling over to the curb. The individual defendant attempted to escape the consequences of his conflicting statements by stating that counsel for plaintiff had tried to put words in his mouth at the deposition and that it was plaintiff's counsel who had placed the cars on the diagram and then did not let the individual defendant see the diagram too well. Counsel had "kind of hid it" from him.

The court recessed for the weekend, and on Saturday counsel for plaintiff subpoenaed the claims manager of the defendants' insurance carrier and obtained from him a signed statement made by the individual defendant at or about the time of the accident. In the statement, the individual defendant had stated that there were cars so placed that plaintiff could not pull over to the curb and that plaintiff had passed out a couple of times. The reference to insurance came as counsel for plaintiff was having the individual defendant identify the statement, as follows:

"Q. Mr. Tresler, I would like to cover some matters, and I wish you would listen carefully to my questions here. Did you on the day this collision occurred make any statements to a person who appeared on behalf of your employer to take your statement with regard to this accident?"

"A. Yes. An insurance agent."

A motion for mistrial was made, ruling was reserved (and later denied). The statement was then used for purposes of impeachment. This was the only reference to insurance during the trial.

The general rule in this state has been that, with certain exceptions, any evidence, implication or suggestion that the defendant has liability insurance requires a mistrial or a new trial. See, e. g., Blue Bar Taxicab & Transfer Co. v. Hudspeth, 25 Ariz. 287, 216 P. 246. This has been held to be so even though the disclosure that the defendant has liability insurance is inadvertent. Counsel for plaintiff has been put under the affirmative duty of preventing such disclosure. Consolidated Motors, Inc. v. Ketcham, 49 Ariz. 295, 66 P.2d 246. The reason for the rule has been the assumption that if the jury knows that the defendant has insurance, they will assume that the defendant will not have to pay the judgment personally, and that the jury will award a larger verdict. Consequently, they will ignore the issues of liability and merely decide how much the insurance company should pay. In former days, this reasoning may have been valid. But more recently, courts have questioned whether the mere mentioning of insurance still has this prejudicial effect.

In Causey v. Cornelius, 164 Cal.App.2d 269, 275–277, 330 P.2d 468, 472, the court said:

"It is time for a reappraisal of this insurance bugaboo. The first California case that announced it seems to be Roche v. Llewellyn Iron Works, 140 Cal. 563, 574, 74 P. 147, which was decided in 1903. * * * Automobiles and automobile liability insurance were in their infancy when Roche, supra, was decided in 1903. * * * This insurance rule, built upon the theory of prejudice against corporations and especially insurance corporations, has largely outlived its purpose and its justification. * * * The underlying theory is that the jurors must not know who the real defendant is. While this has been going on in the courthouse, certain insurance companies in recent years have waged a campaign in the Saturday Evening Post and in Life magazine, designed to reach one out of three potential jurors (more than 70 million persons in all), urging them to be conservative in their verdicts when serving as jurors,—to carry into the jury room the thought of insurance and to consider the impact of large verdicts upon their own insurance premiums. * * * The only justification for the rule excluding (with limitations) evidence of the existence of insurance is the supposition that jurors will be led into excessive verdicts if they become aware of defendant's insurance coverage. Today this is a naive conceit. The use of automobiles has increased so prodigeously since 1903 and compulsory liability insurance, or almost compulsory insurance, such as our own Financial Responsibility Law [1] * * * and Security Following Accident statute [2] * * * has become so common that jurors naturally assume as they enter the jury box that defendant is insured against liability."

The California Supreme Court refused to apply the rule in a later case, Little v. Superior Court of Orange County, 55 Cal. 2d 642, 645, 12 Cal.Rptr. 481, 483, 361 P. 2d 13, 15 where plaintiff's counsel, on redirect examination asked *his own witness,* a doctor, if there were any changes between the time that a report had been written and a later time. In his answer, the doctor referred to the "initial insurance report." The court said:

"Although the courts have condemned the action of an attorney who intentionally brings the fact of insurance before a jury, the condemnation does not extend to cases where the information is disclosed incidentally during an attempt to prove other facts or

---

1. The Arizona equivalent is A.R.S. § 28–1101 et seq.

2. The Arizona equivalent is A.R.S. § 28–1141 through 1148.

where the record does not show that the particular answer was sought or anticipated."

At the very least, this case stands for the proposition that the mere mention of defendants' liability insurance is not prejudicial.

The New Jersey courts have also expressed a rational view of the problem of the effect of mentioning insurance, Runnacles v. Doddrell, 59 N.J.Super. 363, 367–368, 157 A.2d 836, 838. In this case, a denial of a motion for mistrial was affirmed where one of the witnesses stated that he had made a report to the insurance company.

"But the exercise of the discretionary power to grant or deny a mistrial, merely because the fact that defendant is insured is revealed, should be guided by a consideration of the probable effect of such showing on jurors of the present day, in the light of the experience which they bring with them to the jury box. In these days the juror who is neither automobile owner or operator is a rarity. All who obtain registration of their vehicles know that they must either carry liability insurance or contribute to the unsatisfied judgments fund. And it seems likely that if they do think of it, jurors assume in every automobile case that some financial responsibility exists over and above defendant's ability to satisfy a judgment."

And in Pinkerton v. Oak Park Nat'l. Bank, 16 Ill.App.2d 91, 98–99, 147 N.E.2d 390, 394, the court commented that the existence and impact of liability insurance is one of the facts of life and went on to say:

"It would seem highly improbable that you could today select a jury in Illinois where a great number of the jurors would not be entirely familiar with the preponderating use of liability insurance, and, as we always instruct jurors—and did in this case instruct them, that in considering the evidence they are not required to set aside their own observations and experience in the affairs of life, we may well understand and anticipate that they would in the jury room consider the question of insurance, whether it was mentioned or not."

And see Granger v. Turley, 20 Ill.App.2d 488, 491, 156 N.E.2d 610, 612, in which a verdict and judgment were affirmed where plaintiff's counsel had referred to "your insurance adjuster."

"In considering appellant's second contention, it should be remembered that reference to insurance must have a *prejudicial* effect on the result of a trial in order for its admission to constitute reversible *error.*" (Emphasis supplied)

If the suggestion of insurance is not prejudicial, why do defense counsel ask for a mistrial when insurance is mentioned? The California District Court of Appeals in Causey v. Cornelius, supra, said:

"Today this insurance problem presents a strange picture. As soon as the subject of insurance is mentioned in the evidence many defense lawyers, particularly the younger ones, call for a bench conference and move for a mistrial—not because they want it (for they do not yet have any indication of what the outcome will be), but in order to 'protect' the record against an adverse verdict. This is a daily occurrence." 164 Cal.App.2d at 276, 330 P.2d at 473.

■ Now, these judicial reminders to lawyers and trial judges about what really goes on in the world do not, of course, make the issue of liability insurance any more *relevant* in the run-of-the-mine automobile accident case. Such a case must not be tried on the basis of whether and how much liability insurance the defendant has. Usually an objection to a question as to the existence of liability insurance should be sustained. But it should be sustained on the basis of relevancy, *not* prejudice. Most of the time the existence of insurance just has nothing to do with the case. What we are reminded of is that the prejudicial content of a refer-

ence to liability insurance is largely a thing of the past. And it has, in part, been made a thing of the past by the expenditure of vast sums of money by insurance companies to educate prospective jurors of the claimed relation between large verdicts and insurance rates.

■ There will be, of course, situations where the issue of insurance is injected into a case for a prejudicial purpose or where its discussion is of such a nature as to be prejudicial. In such a situation, a trial judge must grant a mistrial or a new trial. But he must not allow the bare mention of the word "insurance" to call forth the conditioned response—"mistrial." He must truly use his discretion.

■ In any event the instant case must be reversed. Defense counsel knew that plaintiff's counsel had in his possession a statement given by the defendant to an insurance adjuster. He knew the statement was to be used to impeach defendant's testimony. He knew that it would have to be identified by the defendant. He even knew when the document was going to be used. Defense counsel says that:

"Mr. Tresler had been informed by us that insurance was not a proper subject of inquiry in this case, and he had been admonished by us that it was not a proper subject of inquiry and that it would not be gone into in the case."

Without wishing to quibble, we note that counsel does not state that defendant was told, "Do not mention the word insurance." The question of plaintiff's counsel did not call for an answer that would have mentioned insurance, and under the circumstances defense counsel should and could have controlled his own witness well enough so that the word would not have been mentioned.

In Northern Arizona Supply Co. v. Stinson, 73 Ariz. 109, 113, 238 P.2d 937, 939, this court said:

"If a defendant can take advantage of its own misconduct, then the plaintiff could never have his case adjudicated until the verdict was satisfactory to the defendant. Such a procedure in judicial administration is untenable."

In the same case this court also quoted with approval from Finck Cigar Co. v. Campbell, 134 Tex. 250, 254, 133 S.W.2d 759, 761 as follows:

"It is a well settled rule in this jurisdiction that it is error to inform the jury that the defendant in an action for damages for personal injuries is protected by indemnity insurance. * * * But that rule has no application when the defendant, or one of his witnesses, voluntarily brings such information to the jury, and it is not brought through any fault of the plaintiff or his attorneys. * * * Were this exception to the general rule not recognized, the defendant would have it within his power to bring about a mistrial in all cases and the plaintiff would be unable to guard against it." 73 Ariz. at 113, 238 P.2d at 939.

The rule applies where the defendant or his witness makes the reference to insurance on cross examination by counsel for plaintiff. Holbrook Light & Power Co. v. Gordon, 61 Ariz. 256, 148 P.2d 360.

For the many other jurisdictions holding that an irresponsive or inadvertent answer referring to insurance is not grounds for a mistrial see 4 A.L.R.2d 771, 776.

Reversed and remanded with instructions to enter judgment on the verdict.

BERNSTEIN, C. J., and UDALL, JENNINGS, and LOCKWOOD, JJ., concurring.

NOTE: Justice STRUCKMEYER, having disqualified himself, the Honorable KENNETH C. CHATWIN, Judge of the Superior Court of Maricopa County, Arizona, was called to sit in his stead and participate in the determination of this appeal.