504 P.2d 50

Andrew SWICK and Harriet Swick,
his wife, Appellants,

v.

Glenn Harry WHITE, Jr. and Vickie
Marie White, his wife, Appellees.

No. 1 CA–CIV 1837.

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 14, 1972.

David Neal Rosen, Ltd. by David Neal Rosen, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph E. Hunsaker, Phoenix, for appellees.

CASE, Judge.

This is an appeal from an order of the Maricopa County Superior Court denying a new trial after a jury verdict in favor of the defendants and against the plaintiffs. The parties herein will be referred to as they appeared in the trial court.

The facts presented in a light most favorable to sustaining the judgment of the trial court are as follows:

The instant action arises out of an automobile-pedestrian collision. On the evening of 21 December 1966, plaintiffs decided to walk to their church in order to deliver flowers to a Father McGuire. Plain-

tiffs arrived at the church and after conversing with the Father for a few minutes, they began their walk home. It was approximately 6:45 P.M. when they began the return trip and the area in which they were walking was unlit except for Christmas tree lights approximately 250 feet away.

Plaintiffs were crossing East Main Street in Scottsdale, Arizona, and were headed for the sidewalk when Andrew Swick was struck by defendant Glenn Harry White, Jr.'s vehicle. There were no eyewitnesses to the actual impact and there were numerous conflicting reports as to defendant Glenn White's statements after the accident. Mr. Swick sustained serious injuries as a result of the collision.

At trial, plaintiffs attempted to introduce statements made by Mr. White immediately after the collision and later in the hospital. Mr. White allegedly stated to Mrs. Swick immediately after the collision:

"But you don't have to worry, I have very good insurance."

Later that evening at the hospital, Mr. White allegedly stated, in the presence of plaintiffs' friend, Mr. Bergman:

"I hope you progress rapidly and get over this, and don't worry Mr. Swick, I have plenty of insurance."

At conference prior to trial, the trial court ruled that the statements would be allowed with the deletion of the word "insurance". The trial judge stated on the record that he did not think the statements, as indicated, showed that Mr. White was, in effect, admitting fault.

Thereafter, during the trial, the following testimony by plaintiffs' witnesses was allowed:

[Mrs. Swick testified that Defendant White stated:] "I saw a puddle of water and I accelerated to get away, and I'm awfully sorry; but you'll be taken care of."

[Mr. Bergman testified that Mr. White] ". . . introduced himself and said that he was the driver of the car that struck him and expressed his deep sorrow and regret for what ensued and hoped that he would have a speedy recovery and said that 'don't worry, you will be taken care of' ".

Defendant Mr. White testified and denied telling Mrs. Swick at the scene that he was "accelerating" but did not deny telling her "not to worry". Mr. White also denied the statement allegedly made at the hospital which indicated that he was at fault. The only statements he remembered making at the hospital were his assurances to Mr. Swick that he was in "good hands" and would pull through.

The jury returned its verdict in favor of the defendants and plaintiffs' timely motion for a new trial was denied. This appeal followed.

The sole question determinative of this appeal is whether the trial court committed reversible error by compelling plaintiffs' witnesses to delete the word "insurance" from their testimony.

■ It is the accepted rule and law in this State that reversible error is committed when the existence or lack of insurance is brought into the case and prejudice results. E. L. Jones Construction Co. v. Noland, 105 Ariz. 446, 466 P.2d 740 (1970); Waid v. Bergschneider, 94 Ariz. 21, 381 P.2d 568 (1963); Blue Bar Taxicab, etc., Co. v. Hudspeth, 25 Ariz. 287, 216 P. 246 (1923). The oft stated reason for its inadmissibility is concisely set forth in an annotation in 4 A.L.R.2d 761 at 765, as follows:

"Such evidence [insurance] is not only inadmissible because it ordinarily is irrelevant as to any of the issues in the case, but because it tends not only to influence jurors to bring verdicts against Defendants on insufficient evidence, but to bring in verdicts for more than they would if they believed that the Defendants themselves would be required to pay them."

Where prejudice does not result from the mere inadvertent mention of insurance,

then a new trial or mistrial is not proper. Waid, supra.

The Arizona Supreme Court has delineated the necessary elements for determining whether the mere mention of insurance is or is not immediate cause for a mistrial or a new trial. In Muehlebach v. Mercer Mortuary, Inc., 93 Ariz. 60, 378 P.2d 741 (1963), the Court stated:

"Now, these judicial reminders to lawyers and trial judges about what really goes on in the world do not, of course, make the issue of liability insurance any more *relevant* in the run-of-the-mine automobile accident case. Such a case must not be tried on the basis of whether and how much liability insurance the defendant has. Usually an objection to a question as to the existence of liability insurance should be sustained. But it should be sustained on the basis of relevancy, *not* prejudice. Most of the time the existence of insurance just has nothing to do with the case. What we are reminded of is that the prejudicial content of a reference to liability insurance is largely a thing of the past. And it has, in part, been made a thing of the past by the expenditure of vast sums of money by insurance companies to educate prospective jurors of the claimed relation between large verdicts and insurance rates.

"There will be, of course, situations where the issue of insurance is injected into a case for a prejudicial purpose or where its discussion is of such a nature as to be prejudicial. In such a situation, a trial judge must grant a mistrial or a new trial. But he must not allow the bare mention of the word 'insurance' to call forth the conditioned response—'mistrial.' He must truly use his discretion." 378 P.2d at 744.

■ Declaring a mistrial or ordering a new trial are matters solely within the discretion of the trial court and its decision related thereto will not be disturbed unless there is a clear showing of an abuse of discretion. See, Selaster v. Simmons, 39 Ariz. 432, 7 P.2d 258 (1932); Higgins v. Arizona Savings & Loan Association, 90 Ariz. 55, 365 P.2d 476 (1961). See also, E. L. Jones, supra.

■ Plaintiffs argue most strenuously that the defendant's statements were admissible because they were relevant as admissions. They further argue that the holding in Mercer, supra, supports their contention and requires a reversal. We disagree.

The trial court found the word "insurance" to be irrelevant and immaterial and therefore ordered its deletion from testimony concerning defendant's statements. As set out above, the trial court did allow the modified statements to be introduced and we are of the opinion that this was not an abuse of its discretion.

It is obviously difficult to determine whether or not testimony can be fairly interpreted as an admission and therefore be admissible as relevant in spite of its prejudicial nature. In our opinion, the reasoning of Muehlebach, supra, requires a determination based upon the facts and circumstances of each individual case and in the instant litigation the proper determination was made.

A thorough scrutiny of the authorities in Arizona has failed to uncover a case dealing with the exact point in issue. We have, however, found other jurisdictions which have dealt directly with the issue. The Montana Supreme Court, in Watkins v. Williamson, 132 Mont. 46, 314 P.2d 872 (1957), upheld the trial court's refusal to allow evidence, similar to that presented in the case at bar, to be admitted. The Court stated:

"[t]he statement about insurance supposedly made by defendant was not made in response to any accusation on the part of the plaintiff as to the cause of the accident. It was made only to console the plaintiff who was complaining about expenses." 314 P.2d at 875.

A Utah case, Gittens v. Lundberg, 3 Utah 2d 392, 284 P.2d 1115 (1955), strikingly similar to the instant litigation, involved a

pedestrian-automobile accident and a jury verdict for the defendant automobile driver. One of plaintiff's arguments on appeal related to the trial court's refusal to allow witnesses to testify as to defendant's statements regarding his insurance coverage. The language of the Utah Supreme Court can be readily applied to the case at hand. The Court stated:

"Another remonstrance against the conduct of the trial, addressed to us by plaintiff, is the exclusion of testimony that defendant had stated shortly after the accident that the car was covered by insurance. Whether it was is immaterial. (Balle v. Smith, 81 Utah 179, 17 P. 2d 224). Generally speaking, reference to that subject for the purpose of getting it before the jury is prejudicial. An exception to this is where a reference to insurance is so interwoven in an admission against interest that it is impractical to exclude it without destroying or impairing the benefit of the admission, to which the plaintiff is entitled. (See Reid v. Owens, 98 Utah 50, 93 P.2d 680, 685, 126 A.L.R. 55; Am.Jur., Evidence, Sec. 388; Annotation 4 A.L.R.2d 767, 781.) The defendant, a young man who was driving his father's car, naturally felt some remorse in having struck and injured the plaintiff so he went to plaintiff's home and talked to Mrs. Gittens expressing his regret at the misfortune and concern for the plaintiff's welfare. In the course of the conversation he did state that he was in somewhat of a hurry to get home that night, and failed to place direct blame on the plaintiff for the accident. This was admitted. But in connection with the conversation he also incidentally stated that he thought the car was insured. The reference to insurance was not 'freighted with admission,' (Reid v. Owens, supra) nor was it so interwoven with admissions against interest as to detract from their effect or make it impractical to separately exclude it from the conversation. We approve the statement of the District Court of Appeals of California in Connor v. Jackson (94 Cal.App.2d 462, 210 P.2d 897, 900): 'A defendant's statement that he carries insurance or that his insurance company "will do everything necessary immediately" is not an admission of liability.'

"It would be both unreasonable and dangerous to construe solicitude for one who is hurt as an admission against interest and thus turn kindness into a thorn to injure well meaning and gracious persons. It is simply within the requirements of proper courtesy to manifest concern for the welfare of one injured in an accident, and there should be no penalty involved for doing so. Whether a statement with respect to insurance coverage is such an integral part of a conversation that it would be impractical to exclude it without impairing the effect of the admission is for the trial court to determine. Here he properly regarded it as excludable." 284 P. 2d at 1118.

We are of the opinion that the trial court properly excluded the word "insurance" from testimony and in so doing did not impair the effect of defendant White's alleged admissions.

The judgment of the trial court is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.