513 P.2d 379

**Kathleen Elizabeth DAVIS and Frederick Davis, her husband, Petitioners,**

v.

**Philip W. MARQUARDT, Judge of the Superior Court of the State of Arizona, Maricopa County; and Carol Ann Ledbetter, Respondents.**

**No. I CA–CIV 2440.**

Court of Appeals of Arizona,
Division 1, Department A.

Aug. 28, 1973.

Cavness, DeRose, Senner & Rood, by John W. Rood, by George Sorenson, Jr., Phoenix, for petitioners.

Rosen & McGroder, Ltd., by David Neal Rosen, Phoenix, for respondents.

OGG, Acting Presiding Judge.

This is a special action in which the petitioners (defendants) Kathleen Elizabeth Davis and Frederick Davis, husband and wife, are seeking relief from an order of the trial court which denied their motion to separate the trial of an issue involving the validity of an insurance company release from the remaining issues in an automobile negligence case.

A brief summary of the facts is necessary to show the present posture of this case. Carol Ann Ledbetter and Kathleen Elizabeth Davis—while driving their respective vehicles—were involved in an accident. Later, Carol Ann Ledbetter (allegedly for good consideration), executed a printed form release furnished by an insurance adjuster which purportedly released Kathleen E. Davis, Frederick Davis and her insurance carrier, Dairyland Mutual Insurance Company, from all further liability arising from the accident. Miss Ledbetter, as plaintiff, later brought a negligence action seeking $150,000.00 damages. The Davis family answered, denying negligence; they alleged contributory negligence with a counter-claim and by way of a separate affirmative defense also pled the release as a complete bar to recovery on the plaintiff's complaint. The validity of the release is questioned by Carol Ann Ledbetter and this matter as well as all negligence issues are set for trial before a jury in the near future.

Under the provisions of Rule 42(b), Arizona Rules of Civil Procedure, 16 A.R.S., the defendants Davis filed their motion to separate the issue of the release from the negligence issues. Rule 42(b) reads as follows:

> "42(b) Separate trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury."

The court denied the motion and entered the following order:

> " * * * It is further ordered that the court will determine during the course of the trial whether or not the issue of insurance which will be injected in this cause as a result of the release issue is such as to create or has created prejudice of such a nature and to such an extent that the defendants cannot obtain a fair and impartial trial, and should the court so determine, the court can then within its discretion, declare a mistrial."

The great practical problem presented by this order is that it requires the expenditure of the time and expense of a jury trial before a determination can be made on the question of prejudice and in all

**374**

probability such decision could not be made prior to the return of the jury verdict.

It is conceded by all parties that the trial of the release issue will of necessity disclose to the jury the fact that the defendants have insurance coverage and that Dairyland Mutual Insurance Company is the liability insurance carrier. To avoid almost inevitable prejudice and the strong possibility of a mistrial, we have taken jurisdiction of this special action.

■ We no longer automatically declare a mistrial at the mere mention of the term "insurance." Muehlebach v. Mercer Mortuary and Chapel, Inc., 93 Ariz. 60, 378 P.2d 741 (1963). However, it is still the law of this State that the question of insurance coverage is not a relevant issue to be injected into a negligence action where such an issue could prejudice the fair trial of any party. E. L. Jones Construction Co. v. Noland, 105 Ariz. 446, 466 P.2d 740 (1970); Waid v. Bergschneider, 94 Ariz. 21, 381 P.2d 568 (1963); Blue Bar Taxicab & Transfer Co. v. Hudspeth, 25 Ariz. 287, 216 P. 246 (1923); Swick v. White, 18 Ariz.App. 519, 504 P.2d 50 (1972).

The plaintiff-respondent relies on the case of Atchison, Topeka & Santa Fe Railway Company v. Peterson, 34 Ariz. 292, 271 P. 406 (1928) as authority for the propriety of trying the validity of a release as part of the negligence issues in a jury trial. We do not find that case persuasive since it involved a release from the defendant railroad company and insurance coverage was not involved.

It should be noted that in the event it is determined that the release is valid, it will alleviate ' the necessity of trying the remaining negligence issues, thus saving time and expense to all parties concerned.

■ Petitioners' prayer for relief requesting the trial court to try the matter regarding the validity of the release prior to and as a separate issue from the trial of the negligence issues is granted.

Relief granted.

HAIRE and STEVENS, JJ., concur.