673 P.2d 799

**Kenneth J. FOULK and Florence W. Foulk, husband and wife, Plaintiffs/Appellants,**

v.

**Sol KOTZ and Carolyn Noel, a single person, Defendants/Appellees.**

No. 2 CA–CIV 4488.

Court of Appeals of Arizona, Division 2.

July 15, 1983.

Rehearing Denied Oct. 3, 1983.

Review Denied Dec. 20, 1983.

**160**

Messing & Glicksman, P.C. by Elliot Glicksman, Tucson, for plaintiffs/appellants.

Kimble, Gothreau, Ryan, Nelson & Cannon, P.C. by Darwin J. Nelson, Tucson, for defendants/appellees.

## OPINION

BIRDSALL, Judge.

The plaintiffs/appellants Foulk appeal a judgment in favor of the defendants/appellees Sol Kotz and Carolyn Noel in a personal injury action. We affirm.

The issue on appeal is whether the trial court improperly restricted the appellants' cross-examination of a defense witness, Roger Winn. Winn was an investigator for Arizona Adjustment in Tucson who took a statement from the plaintiff, Kenneth J. Foulk. In a pre-trial ruling, the court precluded any questions which might show that Mr. Winn was associated with insurance. At trial, the court sustained an objection to the appellants' question whether most of Mr. Winn's investigations were for defense work. It also sustained an objection to questions inferring that it was Mr. Winn's practice to play roles and pretend not to be an investigator in order to get more information. The trial court did allow Winn to be referred to as "a representative of the defense", and the appellants were permitted to establish that Mr. Winn had been hired by the appellees to investigate this claim.

The appellants argue on appeal that the trial court committed reversible error by disallowing cross-examination to show that Mr. Winn was employed by an insurance company, that he consistently worked for defendants and that he used deception in his work. Presumably, questions concerning these areas were intended to show that Mr. Winn was biased and prejudiced in the appellees' favor and that his credibility was poor.

The case involved the appellants' claim that the plaintiff, Kenneth J. Foulk, was injured when he tripped and fell over some suitcases which had been unloaded from an automobile upon arrival at the appellees' home. Both men had been in the car and may have been involved in the handling of the luggage in the driveway at the home. In dispute were questions such as who placed the luggage, where it was placed and when with reference to the fall. The appellants' theory rested on showing the appellee, Sol Kotz, placed the luggage over which Kenneth tripped.

The statement taken by Winn and signed by Kenneth contained an acknowledgment that Kenneth may have placed the very luggage he tripped over. In a deposition, subsequently admitted at trial, Kenneth admitted that he might have said that. In fact, Kenneth never denied making such a statement. Except for that concession in the statement the remainder of the statement was more or less innocuous as to liability, except for a conclusion that Mr. Kotz did nothing negligent so far as Kenneth knew.

The trial court did not err in prohibiting any reference to insurance. Such evidence would be admissible here only to show bias or prejudice of the witness. Rule 411, Arizona Rules of Evidence, 17A A.R.S.[1] Even then the trial court could exclude the evidence under Rule 403, Arizona Rules of Evidence, 17A A.R.S., which provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair

---

1. "Evidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully. This rule does not require the

exclusion of evidence of insurance against liability when offered for another purpose such as proof of agency, ownership, or control, or bias or prejudice of a witness."

prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The trial court properly concluded that the probative value of evidence of insurance was substantially outweighed by the danger of unfair prejudice. As the appellees argue, the fact that he was employed by the appellees permitted the appellants to argue the credibility of the witness Winn. *Arizona Cotton Oil Co. v. Thompson,* 30 Ariz. 204, 245 P. 673 (1926) can be distinguished. There the issue of insurance was brought into evidence during examination by defendant's counsel. It was not injected by plaintiff's counsel. The court reiterated what it termed a long standing rule that it was reversible error to place the fact of insurance before the jury. The court's holding that the plaintiff should be permitted to show that the statement was actually prepared by one who was interested in the outcome does not give carte blanche approval to the introduction of insurance, even though that fact did get before the jury.

Since *Thompson* in 1926, the Arizona Supreme Court has had occasion to expressly consider the insurance issue several times. It has retreated from the position that the mention of insurance alone warrants a mistrial. *Muehlebach v. Mercer Mortuary and Chapel, Inc.,* 93 Ariz. 60, 378 P.2d 741 (1963). "However, it is still the law of this State that the question of insurance coverage is not a relevant issue to be injected into a negligence action where such an issue could prejudice the fair trial of any party." *Davis v. Marquardt,* 20 Ariz.App. 372, 513 P.2d 379 (1973). The trial court here attempted to permit cross-examination and other proof showing bias without unduly prejudicing the appellees. Support for this approach is found in *Hopper v. Comfort Coal-Lumber Co., Inc.,* 276 App.Div. 1014, 95 N.Y.2d 318 (1950) and *Fairbrother v. Rinker,* 274 Or. 525, 547 P.2d 605 (1976).

■ The trial court did commit error when it sustained a relevancy objection to the cross-examination inquiry, "And as I

understand it most of your investigations are for defense work, is that correct?" This question was proper since it would be further evidence of possible bias and yet would not show insurance. However, the error was harmless for two reasons.

First, no offer of proof was made. The record does not show what the answer would have been. *See* Rule 103(a), Arizona Rules of Evidence, 17A A.R.S.

> "Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
>
> .    .    .    .    .
>
> (2) *Offer of proof.* In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked."

*See Gaston v. Hunter,* 121 Ariz. 33, 588 P.2d 326 (App.1978); *Montano v. Scottsdale Baptist Hospital, Inc.,* 119 Ariz. 448, 581 P.2d 682 (1978); M. Udall & J. Livermore, Arizona Law of Evidence, § 11, 13 (1982).

Second, liability did not rest upon the credibility of the witness, Winn. The appellant Kenneth did not deny that he gave Winn all the information in the statement. He testified that some matters in the statement were wrong, but if he gave the information to Winn then the credibility issue is only imaginary—it does not exist. The error then is harmless. *See Fridena v. Evans,* 127 Ariz. 516, 622 P.2d 463 (1980).

■ We next consider the preclusion of questions attempting to lessen Mr. Winn's credibility based on the alleged use of ruse and deception in the course of his career as an investigator. The trial court sustained, based on relevancy, an objection to the following question by the appellant's counsel:

> "Q. In your work as an investigator isn't it true that some times you play roles, and make believe that you're not an investigator in order to get more information?"

If this question or a series of questions had asked about a specific instance, including

date, place and persons present, then such inquiry might have been relevant under Rule 608(b), Arizona Rules of Evidence, 17A A.R.S. That rule provides:

> "*Specific instances of conduct.* Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness . . . ."

However, the question as posed appears to be nothing more than a "stab in the dark".

There was no offer of proof showing that deception was ever practiced by the witness on other occasions. It would be idle speculation for either the trial court or our court to consider this issue further. *See* Rule 103(a), Arizona Rules of Evidence, 17A A.R.S., supra.

Affirmed.

HOWARD, C.J., and HATHAWAY, J., concur.