Filed 09/15/25

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-01907

---

**Judley Ross v. Robertson Undertakings, LLC, et al**

---

## ENTRY REGARDING MOTIONS

In this case, plaintiff Judley Ross, as administrator of the estate of his mother Connie March, has sued defendants Robertson Undertakings, LLC, Helen Robertson, and Stephen Robertson for negligence, gross negligence, and wrongful death arising from Connie March's death in a fire at her home in November 2021. Connie lived in a rental unit owned and operated by defendants. Pending before the court are plaintiff's renewed motion for sanctions (Motion 10); defendants' motion to dismiss defendant Stephen Robertson (Motion 16), and various motions in limine filed by both sides (Motions 11-15, 17). The motion to dismiss Stephen Robertson is unopposed and therefore granted. The remaining motions are addressed below.

### 1. The sanctions motion (Motion 10)

In its May 8 decision, the court denied plaintiff's motion for spoliation sanctions based on defendants' demolition of the building where the November 2021 fire occurred because the court concluded the only relief warranted at that time was the denial of summary judgment on the issue of causation, but that a sanction was unnecessary given that the court had already determined that disputed issues of fact existed.

Plaintiff's renewed request seeks an adverse inference jury instruction on the issue of causation. Specifically, plaintiff requests a jury instruction from the court that defendants' failure to have functional smoke detectors on the second floor of the apartment proximately caused Connie's death.

As the court previously explained, there is a common law "duty to preserve documents, electronically stored information, or tangible evidence based on the existence of pending, threatened, or reasonably foreseeable litigation." *The Cincinnati Ins. v. Plouffe*, No. 235-4-18 Wncv, 2021 WL 4189802, at *3 (Vt. Super. Ct. July 27, 2021) (Bent, J.) (quotation omitted). "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999) (citing Black's Law Dictionary 1401 (6th ed. 1990)). "Destruction of evidence is sanctionable when a party knows *or reasonably should know* that discoverable material is

relevant to pending, imminent, or reasonably foreseeable litigation." *The Cincinnati Ins.*, 2021 WL 4189802, at \*3 (emphasis in original, quotation omitted).

Trial courts have broad discretion to craft a sanction for the failure to preserve material evidence, both under the common law of spoliation and the Rules of Civil Procedure. A spoliation sanction should be aimed to: "(1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party." *West*, 167 F.3d at 779 (quotation omitted). Under Rule 37(f), "[i]f . . . evidence that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court, upon finding prejudice to another party from loss of the evidence, may order measures no greater than necessary to cure the prejudice." V.R.C.P. 37(f).

When imposing a spoliation sanction, a "court should always impose the least harsh sanction that can provide an adequate remedy." *See Passlogix, Inc. v. 2FA Tech., LLC*, 708 F. Supp. 2d 378, 420 (S.D.N.Y. 2010). "The choices include—from least harsh to most harsh—further discovery, cost-shifting, fines, special jury instructions, preclusion, and the entry of default judgment or dismissal (terminating sanctions)." *Id.*

As suggested in the May 8 order, the court agrees that defendants reasonably should have expected that a claim would be filed based on Connie's death and that the apartment building contained evidence relevant to that claim. At the same time, nothing in the record suggests defendants acted in bad faith. They were not "required to preserve the fire scene indefinitely," *Hendricks v. Great Plains Supply Co.*, 609 N.W.2d 486, 491 (Iowa 2000) (declining to impose sanction when plaintiff homeowner and insurer demolished fire-damaged building before bringing subrogation claim against defendant subcontractors), and concerns of public health, safety, economics, and aesthetics would counsel against doing so. Moreover, it would involve a degree of speculation for the court to presume that plaintiff would have discovered undisclosed evidence that establishes causation had plaintiff sent its own investigator to the fire-damaged building before it was demolished.

Under the circumstances, the court concludes the appropriate remedy is what the Second Circuit has described as a "permissive adverse inference instruction." *See Mali v. Fed. Ins. Co.*, 720 F.3d 387, 393 (2d Cir. 2013). Such an instruction "explains to the jury, as an example of the reasoning process known in law as circumstantial evidence, that a jury's finding of certain facts may (but need not) support a further finding that other facts are true." *Id.* Accordingly, subject to further discussion at the charge conference, the court anticipates instructing the jury that if it finds that plaintiff did not have a reasonable opportunity to inspect the building before it was demolished, the jury may—but need not—find that if plaintiff had been able to inspect the building, it would have discovered evidence

that was unfavorable to defendants. This appropriately "leaves all the fact finding to the jury without encroachment by the court." *See id.*

In the absence of any finding of misconduct by defendants, the court declines to impose attorney's fees in connection with the sanctions motion.

The motion for sanctions is granted in part and denied in part.

## 2. The motions in limine (Motions 11-15, 17)

### a. Plaintiff's motion in limine to exclude defendants' expert witness (Motion 11)

Plaintiff moves to exclude defendant's expert Noel Waite from testifying at trial as to the cause and origin of the fire on the basis that the testimony will be duplicative, confusing, and will not assist the trier of fact. Vermont Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

V.R.E. 702. The Vermont Supreme Court has generally followed U.S. Supreme Court precedent with respect to the admissibly of expert witness testimony under the analogous Federal Rule of Evidence and has accordingly applied "a flexible standard requiring only that expert testimony be both relevant and reliable to be admissible." *985 Assocs., Ltd. v. Daewoo Elecs. Am., Inc.*, 2008 VT 14, ¶ 6, 183 Vt. 208 (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 588-89 (1993)).

The origin and cause of the fire—the subjects of Mr. Waite's proposed testimony—are plainly relevant to plaintiff's claims. Plaintiff, however, argues that there is no dispute with respect to origin, that Mr. Waite's expected testimony that the cause of the fire could not conclusively be determined sheds little light on causation, and that his testimony therefore will not assist the trier of fact. Plaintiff also argues that Mr. Waite's testimony will be duplicative of the state fire investigators and therefore is unnecessary and will just "add unwarranted credibility to the defense." Finally, plaintiff argues that Mr. Waite's testimony is confusing and misleading, and that Mr. Waite failed to reasonably apply the National Fire Protection (NFPA) standards upon which he purportedly relied in concluding that the cause of the fire was "undetermined."

Most of plaintiff's arguments go to the weight that should be accorded to Mr. Waite's testimony. But "[s]o long as scientific or technical evidence has a sound factual and methodological basis and is relevant to the issues at hand, it is within the purview of the trier of fact to assess its credibility and determine the weight to be assigned to it." *985*

*Assocs.*, 2008 VT 14, ¶ 16, 183 Vt. 208; *see also Watrous v. Porter Med. Ctr.*, 2025 VT 47, ¶ 11 ("The credibility of witnesses, even expert witnesses, is a matter for the trier of fact."). To the extent plaintiff argues that Mr. Waite's testimony will be duplicative and therefore should be excluded under Rule 403, the argument is premature. *See Milne v. Volkswagen AG*, No. 2:05-CV-323, 2009 WL 10702722, at *1 (D. Vt. Jan. 22, 2009) (declining to exclude expert testimony as duplicative but noting that, due to limited trial time, "it is not in either party's interest to waste time by presenting cumulative or duplicative testimony," and stating that "either party may object to duplicative or cumulative testimony if this becomes an issue at trial").

Finally, the court disagrees that Mr. Waite's testimony is unreliable insofar as it fails to reliably apply NFPA standards. Mr. Waite testified that improper disposal of smoking materials was a potential cause of the fire but that, because he could not locate evidence of improper disposal during his investigation, he had to classify the cause as "undetermined." Plaintiff argues this is contradicted by NFPA 12-2.4, which permits a determination of causation where the investigator "fails to identify all of the components of the cause of fire," such as, in the case of suspected arson, if the investigator finds an accelerant like gasoline but fails to identify the ignition source. This is not the situation here. Accordingly, the court cannot conclude that Mr. Waite's expert testimony is unreliable for the purpose of admissibility under Rule 702. His testimony at trial will, of course, be subject to "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof. *See Daubert*, 509 U.S. at 596.

The motion to exclude Mr. Waite's testimony is denied.

### b. Defendants' motion in limine to exclude the testimony of Krystal Ross (Motion 12)

Defendants move to exclude the testimony of Krystal Ross, who is plaintiff's wife and Connie's daughter-in-law. Plaintiff has disclosed that Krystal will testify about her relationship with Connie and the value that Connie brought to plaintiff's and Krystal's family. Defendants argue that the Connie's relationship with Krystal or her family (besides plaintiff) is not relevant.

In a wrongful death action, "[t]he court or jury before whom the issue is tried may give such damages as are just, with reference to the pecuniary injuries resulting from the death, to the spouse and next of kin, as the case may be." 14 V.S.A. § 1492(b). The parties agree that Connie's son plaintiff Judley Ross is her next of kin. The "pecuniary damages" that may be awarded to the next of kin include damages for "loss of companionship." *Dubaniewicz v. Houman*, 2006 VT 99, ¶ 11, 180 Vt. 367. "[P]laintiff may obtain such damages to the extent that he can prove them by submitting evidence of the physical, emotional, and psychological relationship between himself and the decedent." *Id.*

Krystal is plaintiff's wife and the mother of his child. She may testify as to "the physical, emotional, and psychological relationship" that she observed between plaintiff and Connie, and how the loss of that relationship has affected plaintiff. To the extent her testimony is so limited, the motion to exclude her as a witness is denied.

### c. Defendants' motion in limine to preclude plaintiff from presenting evidence that any fire code or building safety standards were violated other than those for which expert testimony has been disclosed (Motion 13)

Defendants move to exclude plaintiffs from arguing and presenting evidence at trial that defendants violated fire code or other building safety standards other than those for which expert testimony has previously been disclosed. In their response, plaintiff agrees not to introduce expert testimony beyond what has been proffered, not to argue that there are rental code violations beyond what the evidence supports, and not to argue negligence per se relating to code violations other than for the missing smoke alarm.

In light of the parties' agreement, this motion is largely moot. To the extent defendants seek to preclude plaintiff's arguments at trial beyond the scope of the areas of agreement mentioned above, no legal support has been offered in support of that request, which is accordingly denied.

### d. Defendants' motion in limine to exclude the use of autopsy photographs at trial (Motion 14)

Defendants seek to exclude the autopsy pictures of Connie as unduly prejudicial and of limited probative value. Defendants note that plaintiffs did not plead a survivorship claim and accordingly cannot recover damages for Connie's pain and suffering before she died. The court agrees that plaintiff has not pled a survivorship claim because the Amended Complaint "does not state or imply that it is seeking damages for bodily injury or pain and suffering experiences by [Connie] during her lifetime." *McClellan v. Haddock*, 2017 VT 13, ¶ 12 n.4, 204 Vt. 252. Accordingly, any probative value in showing the jury pictures of Connie's remains from the autopsy report would be substantially outweighed by the danger of unfair prejudice to defendants. *See* V.R.E. 403.

The motion to exclude the use of autopsy photographs at trial is granted.

### e. Plaintiff's motion in limine to exclude irrelevant and prejudicial evidence (Motion 15)

Plaintiff moves to exclude evidence it characterizes as "irrelevant and prejudicial" relating to (i) a previous fire in Connie's marital home, (ii) Connie's husband, who was briefly suspected of starting the fire at issue in this case and thereafter committed suicide, (iii) Connie's mental health, (iv) Connie's weight, and (v) the damaged smoke alarm found and subsequently lost by Mr. Waite.

In May 2021, a fire occurred in the house that Connie owned with her husband Jeremiah March. Connie was visiting plaintiff in Tenneessee when the fire occurred. Connie separated from Jeremiah soon after the fire and moved into defendant's apartment. Plaintiff seeks to exclude evidence of the earlier fire. Defendants argue the fire is an important part of the backstory of this case and "had significant implications for the decedent's marriage and mental health," although defendants acknowledge that "a person having two home fires in the span of two months might appear sketchy as hell to a jury." The court has difficulty seeing how evidence of the May 2021 fire is relevant to plaintiff's claims based on the November 2021 fire in defendants' apartment. Defendants do not argue that Connie started the November 2021 fire, and they acknowledge there is currently no basis to argue Jeremiah started that fire. Evidence related to the May 2021 fire will not make the existence of any fact of consequence to the determination plaintiff's claims more or less probable. *See* V.R.E. 401; *United States v. Neary*. 733 F.2d 210, 216-17 (2d Cir. 1984) ("No matter what limiting instruction might be given, the evidence presented a high risk that the jury might nevertheless improperly infer from the occurrence of several [previous] fires [for which defendant collected insurance] that the defendant probably set the one alleged in the indictment."); *Melford v. S. V. Rossi Const. Co.*, 130 Vt. 148 (1972) ("Generally, evidence of a driver's previous accident is inadmissible in a civil action arising out of a motor vehicle accident, since such evidence is considered immaterial in the determination of the driver's negligence on the occasion in question.").

Likewise, evidence concerning Jeremiah's connection to either fire, or his cause of death, is irrelevant to plaintiff's claims. As plaintiff concedes, however, the facts of Connie's marriage to Jeremiah, their separation at the time of Connie's death, and Jeremiah's subsequent death may be relevant to damages. *See generally* 14 V.S.A. § 1492(c).

Evidence concerning Connie's mental health struggles may have limited relevance, if otherwise admissible, to plaintiff's claim for damages based on loss of companionship. *See Nehad v. Browder*, No. 15-CV-1386, 2016 WL 1428069, at *2 (S.D. Cal. Apr. 11, 2016) ("Decedent's psychiatric conditions may have impacted his relationships with his parents, which in turn would inform the extent to which Plaintiffs incurred a loss of companionship and society."). The court declines to preemptively exclude all such evidence. Specific evidentiary challenges may be raised at trial.

But evidence concerning Connie's mental health, injuries from a fall while receiving mental health treatment, and her weight is not relevant to the issue of causation, as defendants argue. As one federal district court explained when rejecting the argument that defendant should be allowed to introduce evidence that decedent's intoxication prevented him from escaping a fire:

> On the night of the fire, Benjamin consumed alcohol, went to his mother's house and fell asleep on the sofa. When fire broke out, he failed to escape. . . .

> The defense of intervening or superseding cause is . . . unavailable as a basis for introducing Benjamin's intoxication. Intervening cause applies only to the unforeseeable negligence of a third party and is not properly applied to the plaintiff's conduct. It also applies only if the subsequent conduct was negligent and not reasonably foreseeable, and we have already concluded that there is no basis for a finding of negligence on Benjamin's part

*Beirne v. Sec. Heating-Clearwater Pools, Inc.*, 759 F. Supp. 1120, 1122-23 (M.D. Pa. 1991). There is no basis to argue Connie's mental or health or weight made her contributorily negligent or otherwise broke the chain of causation. "The tortfeasor takes his victim as he finds him." *Richman v. Sheahan*, 512 F.3d 876, 884 (7th Cir. 2008) (Posner, J.) (describing the "eggshell skull" rule); Restatement (Second) Torts § 461 ("The negligent actor is subject to liability for harm to another although a physical condition of the other which is neither known nor should be known to the actor makes the injury greater than that which the actor as a reasonable man should have foreseen as a probable result of his conduct.").

Finally, plaintiff's arguments with respect to the lost smoke detector is addressed above. This issue will be encompassed within the permissive adverse inference jury instruction previously described.

### f. Defendants' motion in limine to exclude evidence of insurance (Motion 17)

Defendants move to exclude all evidence related to their insurance coverage. Vermont Rule of Evidence 411 provides:

> Evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully. This rule does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness.

V.R.E. 411. The reporter's notes further explain that "[t]he inference of fault from coverage is dubious and the dangers of prejudicing the jury are great."

Defendants specifically seek to exclude any reference to Mr. Waite—now defendants' expert—having initially been hired by defendants' insurer to investigate the fire scene. Defendants argue that, to the extent any reference need be made as to why Mr. Waite investigated the fire, the jury should simply be told that Mr. Waite conducted the investigation on behalf of defendants.

Plaintiff argues that evidence of insurance is relevant and admissible to (i) to impeach the credibility and reliability of Mr. Waite; (ii) to let the jury know the full context of the smoke alarm that Mr. Waite found and then misplaced; and (iii) to establish ownership and intent with respect to the apartment building.

The court finds these arguments unavailing. The role of insurance with respect to the issues raised by plaintiff "has little or no probative value" but potentially "much prejudicial effect." *Stumpf ex rel. Selzer v. Nintendo of Am., Inc.*, 601 N.W.2d 735, 740 (Neb. 1999) (trial court abused discretion by denying motion to exclude references to defense witness having initially investigated home fire on behalf of insurance company). Any issues concerning "alleged control" or "potential bias" can be exposed by referring to Mr. Waite as defendants' representative in his role investigating the fire scene. *See id.* (citing *Foulk v. Kotz,* 673 P.2d 799 (Ariz. App. 1983)). And reference to insurance seems completely unnecessary to establish defendants' ownership and use of the apartment building as a rental property, which is not disputed. But allowing such a reference would create a "substantial risk" that the jury would decide the issue of defendants' liability "on the improper basis" that the defendants themselves would suffer "no great damage" from an adverse jury award. *See id.*

The motion to exclude evidence of insurance is granted.

### Order

Motion 10 is GRANTED IN PART AND DENIED IN PART.

Motion 11 is DENIED.

Motion 12 is DENIED.

Motion 13 is DENIED to the extent it is not MOOT.

Motion 14 is GRANTED.

Motion 15 is GRANTED IN PART AND DENIED IN PART.

Motion 16 is GRANTED. The clerk shall amend the case caption to remove Stephen Robertson as a defendant.

Motion 17 is GRANTED.


Electronically signed on: 9/15/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge